IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALLEN PORTER, ) | No. C 06-2829 JSW (PR) |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| vs. ) | |
| KEN CLARK, Warden, ) | |
| Respondent. ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 and seeks leave to proceed in forma pauperis. Petitioner has paid the filing fee. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## STATEMENT OF FACTS

According to the petition and the exhibits in support thereof, Petitioner was the subject of a disciplinary hearing at which the loss of 150 days of good time credits was assessed. Petitioner challenges the credit loss on the ground that he was denied due process at his disciplinary hearing.

1    Petitioner sought state habeas relief, which was denied by Marin County Superior
2 Court, the California Court of Appeal, and the California Supreme Court.
3    In the present petition, Petitioner alleges that his federal constitutional right to due
4 process was violated by the failure to provide him with a timely disciplinary hearing and
5 by the prison officials' failure to provide him with the evidence and materials at least 24
6 hours before the hearing which resulted in the loss of good time credits.  Petitioner also
7 challenges the decisions of the state courts for failing to provide him with relief or to
8 decide his claims on the merits.

## ANALYSIS

### I    Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.  A pro se petition for a writ of habeas corpus must be liberally construed.  *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

### II    Legal Claims

When a prisoner challenges actions which affect the legality or duration of his custody and a determination of the action may result in entitlement to an earlier release, habeas corpus is the sole remedy.  *Young v. Kenny,* 907 F.2d 874, 876-78 (9th Cir. 1990). Any deprivation of earned prison time credits therefore must be remedied by way of a petition for a writ of habeas corpus.  *Id.*

Prisoners retain their right to due process subject to the restrictions imposed by

the nature of the penal system. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). While prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, the Due Process Clause does mandate certain minimum procedural protections where serious rules violations are alleged and the sanctions are severe. *Id.* at 556-57, 571-72 n.19. Under *Wolff,* a prisoner is entitled to the following: (1) written notice of the charges; (2) no less than twenty-four hours to prepare for his appearance before the disciplinary committee; (3) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; (4) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (5) the aid of a fellow inmate or substitute aid from the staff where an illiterate prisoner is involved or the issues are complex. *Id.* at 564-570. As such, Petitioner's claim of a due process violation in the failure of the authorities to provide him with the requisite time and evidence offered against him sufficient to prepare a defense is sufficient to state a claim.

In the present petition, Petitioner also challenges his loss of credit, alleging that the hearing should have been held earlier pursuant to section 3320 of Title 15 of the California Code of Regulations. Petitioner alleges that his hearing was not held until June 9, 2002, after the allowable time under state law. However, failure to comply with Title 15, where the procedure is not mandated by *Wolff,* does not state a federal constitutional claim. The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that prisons comply with its own, more generous procedures. *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994). *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "[I]f state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive

3

constitutional scrutiny." *Rogers v. Okin*, 738 F.2d 1, 8 (1st Cir. 1984); *accord Bostic v. Carlson*, 884 F.2d 1267, 1270 (9th Cir. 1989) (prison's failure to meet its own guideline where hearing was held eight days after incident was reported would not alone constitute denial of due process). A prisoner's right to due process is violated "only if he was not provided with process sufficient to meet the *Wolff* standard." *Walker v. Sumner*, 14 F.3d at 1420.

In addition, Petitioner raises several claims against the state courts. However, these claims do not constitute a claim for federal habeas relief. *See Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985). However, as to Petitioner's other claim, as it does not appear from the face of the petition that Petitioner is not entitled to relief, Respondent shall show cause why the petition should not be granted..

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    4. It is Petitioner's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with any orders of the Court within the time allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

    IT IS SO ORDERED.

DATED: October 16, 2006

                                       JEFFREY S. WHITE
                                       United States District Judge